# United States District Court
# Central District of California

| | |
|---|---|
| NORMAN DOUGLAS DIAMOND<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case № 2:17-CV-06327-ODW (PJW)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [23] AND DENYING PLAINTIFF'S MOTION TO TRANSFER [29]** |

## I.  INTRODUCTION

On August 28, 2017, Plaintiff Norman Diamond filed a Complaint that asserted multiple claims for relief against Defendant United States of America related to his taxes and the unauthorized disclosure of tax return information. (*See generally* Compl., ECF No. 1.)  On December 22, 2017, the United States moved to dismiss the Complaint due to improper venue, failure to state a claim, and lack of subject jurisdiction matter based on sovereign immunity.  (Mot. to Dismiss ("MTD"), ECF No. 23.)  Plaintiff opposed the MTD, filed a supplemental brief, and moved to transfer the case to the United States District Court for the District of Columbia.  (ECF Nos. 24, 29, 30, 33.)  The United States filed a Reply to Plaintiff's Objection to the Motion to Dismiss.  (ECF No. 35.)  Plaintiff then filed a Sur-Reply.  (ECF No. 38.)  For the

following reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion to Transfer. (ECF Nos. 23, 29.)[1]

## II. FACTUAL BACKGROUND

The Complaint is 54 pages and the accompanying exhibits total another 401 pages. As best the Court can understand, Plaintiff has three general claims for relief: (1) refunds for various years that he overpaid his taxes, (2) return or abatement of amounts the IRS wrongfully collected, withheld, or applied as penalties beyond those authorized by law, and (3) the wrongful disclosure of his social security number. His second claim is pleaded in the alternative as a violation of the Federal Tort Claims Act, or as a *Bivens* claim. (Compl. ¶¶ 119–21.) He alleges that the United States wrongfully disclosed his social security number in filings in his previous Tax Court cases, as well as his case in the United States Court of Federal Claims. (*Id.* ¶¶ 124–25.) Plaintiff has filed numerous cases with similar if not identical allegations against the United States. *E.g.*, *Diamond v. United States*, 107 Fed. Cl. 702 (2012), *aff'd*, 530 Fed. App'x 943 (Fed. Cir. 2013), *cert. denied* 134 S.Ct. 1344 (2014); *Diamond v. United States*, 115 Fed. Cl. 516 (2014), *aff'd*, 603 Fed. App'x 947 (Fed. Cir. 2015), *cert. denied* 135 S.Ct. 1909 (2015); *Diamond v. United States*, No. CV 13-8042-GHK AGR, 2015 WL 64805 (C.D. Cal. Jan. 5, 2015), *aff'd*, 688 F. App'x 429 (9th Cir. 2017); *Diamond v. I.R.S.*, No. CV 14-9196-GHK AGR, 2015 WL 3545046 (C.D. Cal. June 4, 2015), *aff'd sub nom. Diamond v. United States*, 688 F. App'x 445 (9th Cir. 2017). Plaintiff is a resident of Japan. (Compl. ¶ 4.)

## III. LEGAL STANDARD

### A. Motion to Dismiss for Improper Venue

If an action is filed in the "wrong division or district" a court may dismiss the action or, "if it be in the interest of justice" transfer the action to an appropriate district or division. 28 U.S.C. § 1406(a). In federal courts, determining the appropriate venue

---

[1] After considering the papers filed in connection with the Motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

"is governed entirely by statute." *Zumba Fitness, LLC v. Brage*, No. CV 11-5361-GHK, 2011 WL 4732812, at *1 (C.D. Cal. Oct. 6, 2011) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 181 (1979)). When deciding a motion to dismiss for improper venue, unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. *See R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

### B. Motion to Dismiss for Failure to State a Claim

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, for a pro se plaintiff,

like Diamond, the complaint is to be liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

### A. Improper Venue

The United States asks the Court to dismiss for improper venue Plaintiff's claims for federal tax refunds, unauthorized collection actions, and wrongful disclosures in the Court of Federal Claims. (MTD 6–8 (citing 28 U.S.C. § 1391(e)(1), 1402).) 28 U.S.C. § 1402(a)(1) provides that any action filed in district court against the United States may be prosecuted only . . . in the district where the plaintiff resides." As a resident of Japan, Plaintiff does not reside in any judicial district. *Topsnik v. United States*, 554 F. App'x 630, 631 (9th Cir. 2014) (unpublished) (citing 28 U.S.C. § 1402(a)(1)). As a foreign resident, Plaintiff's claims for refunds and wrongful collections must be pursued exclusively in the United States Court of Federal Claims. *Id.* Plaintiff's remaining claims for unauthorized disclosure of personal information, as well as his alternative Federal Torts Claims Act and *Bivens* claims can be brought in any district where the acts or omissions complained of occurred. 28 U.S.C. §§ 1391(e)(1), 1402(b). However, the only events in the Complaint that occurred in Los Angeles are Plaintiff's claims for unauthorized disclosure of his personal information related to his cases before the United States Tax

Court, which were heard in Los Angeles. (MTD 7.) For all of his other claims, venue in this Court is improper.

Plaintiff agrees that this Court is not the proper venue for his claims, and has filed his own Motion to Transfer to the District Court for the District of Columbia. (Opp'n 2, ECF No. 24; Pl.'s Mot. to Transfer, ECF No. 29.) However, that Motion must be denied because at least two of Plaintiff's claims, his claims for refunds and wrongful collections, must be pursued exclusively in the Court of Federal Claims. To be clear, the Court does not opine on the jurisdiction of the Court of Federal Claims or whether it is the appropriate venue for Plaintiff's other claims. Additionally, this Court cannot transfer a case to the Court of Federal Claims because of venue defects. *Topsnik*, 554 F. App'x at 631 (citing *Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007)).

All of Plaintiff's claims, except his claim for unauthorized disclosure of personal information related to Tax Court cases in Los Angeles, must be dismissed due to improper venue.

### B. Plaintiff's Claim for Unauthorized Disclosure in the Tax Court Case

The United States concedes that Plaintiff's claims for unauthorized disclosure of his social security number that arise from his Tax Court cases in this district are appropriately brought in this district. (MTD 7.) Plaintiff brings these claims under 26 USC §§7431, 6103, and alternatively 5 U.S.C. § 552a. (Compl. ¶ 122.) However, Plaintiff brought identical claims in a previous lawsuit, and those claims were rejected on their merits by the Ninth Circuit. *Diamond v. United States*, 688 F. App'x 429, 430 (9th Cir. 2017). As the Ninth Circuit explained, the government cannot be held liable for disclosures that were expressly authorized by statute. *Id.* Plaintiff's claims for unauthorized disclosure in the Tax Court are thus prohibited by the plain terms of 26 U.S.C. § 6103(h)(4)(A). Because Plaintiff has already filed a lawsuit over these exact same claims against the United States that was dismissed on the merits, these claims are also barred by the doctrine of claim preclusion. *See Stewart v. U.S.*

*Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002). These claims must therefore be dismissed with prejudice because leave to amend would be futile.

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss for improper venue and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims related to (1) refunds for various years that he overpaid his taxes and (2) return or abatement of amounts the IRS wrongfully collected, withheld, or applied as penalties beyond those authorized by law. (ECF No. 23.) Additionally, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's claims for unauthorized disclosures that occurred in Los Angeles for failure to state a claim and **DISMISSES** those claims **WITH PREJUDICE**. (ECF No. 23.) Plaintiff's Motion to Transfer is **DENIED**. (ECF No. 29.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

February 15, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**